**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **YANDY REINA MACHADO** | **CIVIL ACTION NO. 6:26-1167** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **LASALLE ICE PROCESSING CENTER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**AMENDED MEMORANDUM ORDER**

On April 27, 2026, a Petition for Writ of Habeas Corpus was filed on behalf of Petitioner Yandy Reina Machado pursuant to 28 U.S.C. § 2241.  The Petition was found to be deficient because Petitioner did not sign it.

Subsequently the instant Motion for Appointment of Next Friend [doc. #5] was referred to the undersigned Magistrate Judge.  In that motion, Roxana Karla Borges Mendez states that she is the wife of Petitioner and she seeks to act as his next friend because he cannot adequately access the legal system while detained by ICE.  She contends that he suffers from mental health issues and has been moved multiple times by ICE.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. A petition for a writ of habeas corpus must "be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. To represent a party as "next friend" in a habeas action, the party must (1) give an adequate explanation why the real party in interest cannot pursue the action on his own behalf, (2) establish that there is a true dedication to the best interest of the real party in interest, and (3) show a significant

relationship with the real party in interest. *See Thorpe v. Eavenson*, No. 3:07-CV-1735-D, 2007 WL 4355441, at *2 (N.D. Tex. Dec. 11, 2007). The potential next friend has the burden to clearly "establish the propriety of his status," so as to "justify the jurisdiction of the court." *Whitmore v. Arkansas,* 495 U.S. 149, 164 (1990); *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

While it appears that Ms. Mendez has a legal relationship with the asserted Petitioner and is dedicated to his best interests, the stated explanation for why Mr. Machado cannot pursue his own petition are insufficient to support a next friend motion. Indeed, the reasons Ms. Mendez provides are true for each and every immigration detainee, and this Court has received and is continuing to receive daily filings from detainees in the same situation.  Even if the Court were to permit the filing, at best, Ms. Mendez could file only the petition, and then her husband would have to pursue his own relief.  There is no indication that Ms. Mendez is an attorney who could be permitted to represent her husband after the initial filing of the petition.

Additionally, the Office of the Federal Public Defender was provisionally appointed to represent the Petitioner, so he had separate legal counsel to review his file.  That office has since withdrawn.  Accordingly,

IT IS ORDERED that the motion is DENIED.  If Petitioner wishes to proceed with a habeas petition in this Court, he may do so by filing the appropriate documents.  To facilitate that process, the Clerk of Court is instructed to mail the necessary forms directly to Mr. Machado.

THUS DONE in Chambers on this 18th day of June,  2026.

Kayla D. McClusky
United States Magistrate Judge